**SIGNED.**

Dated: April 29, 2010



_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| PHOENIX PLAZA APARTMENTS, LLC, ) | No. 2:10-bk-02972-JMM |
| ) | |
| Debtor. ) | **MEMORANDUM DECISION** |

On April 28, 2010, this court took evidence on the issue of whether a state court receiver, Greystar Management Services, appointed pre-filing by the Maricopa County Superior Court, should be compelled to turn over the Debtor's property to the Debtor, or whether the receiver should remain in possession until further bankruptcy court orders (DN 16).

The testimony of both the state court receiver, and the Debtor's principal, was taken. On some factual issues, such as the condition of the property, the testimony differed dramatically. The court concludes that secured creditor Federal National Mortgage Association ("FNMA") carried its burden, by a preponderance of the evidence.

After review of the entire administrative file, the documents admitted into evidence, and the testimony, the court concludes that it is in FNMA's best interests to retain the state court receiver in possession. The court's reasons follow:

    1.    The secured creditor's debt is $4,437,714.13 (Schedules A and D). Because the unsecured creditors (non-insiders) only have scheduled debts of $31,330.84 (Schedule E), the secured creditor's claim constitutes 99.993% of the Debtor's total debt. Therefore, by far, it has the largest stake in the case, and also the greatest risk, as it has first

claim to the real property collateral (Ex. 3), due to its recorded Deed of Trust.

2. The Note in favor of the secured creditor is fully matured, and all became due and payable according to its terms on July 1, 2009 (Ex. 2). The Debtor assumed this obligation (Ex. 5). A Trustee's sale was in process when the bankruptcy case was filed on February 5, 2010 (Motion, DN 16, at 2, lines 7-9).

3. Pre-petition, after a fire damaged the premises, he Debtor deposited checks, made jointly payable to itself and the secured creditor, into a bank account controlled by the Debtor. No evidence was presented that the secured creditor knew or consented to that action. The Debtor had no legal right to deposit those funds without the secured creditor's consent or endorsement. Moreover, the Debtor did not use the funds to repair the fire-damaged premises. (Ex. 12.)

4. The Debtor has not yet filed a plan of reorganization and gave no specifics as to the method by which it could confirm a feasible plan. when asked directly how it intended to repay the secured debt, Mr. Grinwald (the Debtor's principal) testified, "I don't know."

5. The receiver is regularly filing accountings with the Superior Court. Those records are public. Should the Debtor desire that such accountings also be filed with the Bankruptcy Court, any such motion would be granted, even on an *ex parte* basis. Sharing such information is useful and necessary to the reorganization. (*See* Ex. D, E, F, G, and H.)

6. The court was not persuaded that the receiver is doing a poor job, nor is incompetent.

7. It is in the creditor's best interest to retain the receiver, and thus excuse compliance with the turnover request. 11 U.S.C. § 543(d)(1).

Consequently, an order will be entered which excuses the receiver from the turnover requirements of the Bankruptcy Code, until further order of the court (DN 16). The Debtor's request for turnover will be DENIED (DN 24) and the court will order retention of the receiver, in possession of the Debtor's property, and so remain until further order of this court.

A separate order will issue. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

The Honorable Eileen S. Willett
Maricopa County Superior Court
201 W Jefferson St CCB 4B
Phoenix, AZ 85003-2244

Lori Winkelman, Attorney for Federal National Mortgage Association

Thomas G. Luikens, Attorney for Debtor

Office of the U.S. Trustee